**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EDWIN TERRY WINFORD,

Plaintiff,

vs. Case No. 3:26-cv-2429-MMH-LLL

JONATHAN S. MEEKS, et al.,

Defendants.
_________________________________/

**ORDER**

This cause is before the Court sua sponte. Proceeding pro se, Plaintiff Edwin Terry Winford initiated this action on September 16, 2026, by filing a Complaint for Violation of Civil Rights (Doc. 1; Complaint). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Winford with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Winford should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing his corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Winford as he drafts his corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Winford as he navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant[s] be on notice as to the claim being asserted against [them] and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoted authority omitted). Despite Rule 8(a)'s liberal pleading

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Additionally, Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." See id. Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to

say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here, one such type of improper shotgun pleading occurs where the complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."

See id. at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. In Count II, Plaintiff incorporates all of the preceding factual allegations, including those in Count I. See Complaint ¶ 51 ("Plaintiff incorporates the preceding factual allegations."). This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Winford to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In the corrected complaint, Winford must avoid the pleading deficiencies discussed above by refraining from incorporating the allegations of the preceding counts in subsequent counts. Failure to comply with

the Rules and this Order may result in the dismissal of this action without further notice.

Prior to filing his corrected complaint, the Court encourages Winford to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Winford may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

Accordingly, it is

**ORDERED**:

1. Plaintiff's Complaint for Violation of Civil Rights (Doc. 1) is **STRICKEN**.

[2] In preparing the corrected complaint and any future filings, the Court recommends that Winford visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Winford does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2. Plaintiff shall file a corrected complaint[3] consistent with the directives of this Order on or before **October 26, 2026**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of October, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Pro se party

[3] The filing of the corrected complaint does not affect any right Winford may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).